UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02463-SVW (SP) | Date | April 27, 2022 |
|---|---|---|---|
| Title | DANIEL PETER LOPEZ v. COVELLO, Warden | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed as Time-Barred**

On April 11, 2022, petitioner Daniel Lopez filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). Petitioner challenges his felony murder conviction in Los Angeles County Superior Court in 1983, for which he was sentenced to 27 years to life in prison. Petitioner raises two grounds for relief: (1) the prosecution committed misconduct in over-charging the case in an effort to force petitioner to take a plea deal, which forced petitioner to change his defense strategy; and (2) trial counsel rendered ineffective assistance by failing to accurately advise petitioner how much time he faced if convicted, by failing to disclose to petitioner and investigate a connection between the victim and the government, by incompetent trial tactics, and by failing to put together a complete record for appeal.

This court having reviewed the Petition, it appears the Petition is subject to dismissal. As an initial matter, the court notes petitioner states he has a Penal Code § 1170.95 petition for resentencing pending in the California Court of Appeal, which could moot his federal Petition. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("[E]ven if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question."); *see also Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies not exhausted where a state post-conviction proceeding is pending). Although a petition for resentencing is not likely to result in a reversal of the conviction, it still could affect the relief petitioner seeks here. *See Sherwood*, 716 F.2d at 633 ("If the prisoner's claim is meritorious, and if the state remedy is prompt and complete, there is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02463-SVW (SP) | Date | April 27, 2022 |
|---|---|---|---|
| Title | DANIEL PETER LOPEZ v. COVELLO, Warden | | |

no need to bring post-conviction proceedings in federal courts.") (internal quotation marks and citation omitted).

But regardless of the pending § 1170.95 petition for resentencing, the claims asserted in the instant federal Petition appear to be untimely in any event. The court will not make a final determination regarding whether the instant federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **May 27, 2022**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). For prisoners whose convictions became final prior to AEDPA's April 24, 1996 effective date, a one-year grace period applies, requiring petitioners to have filed their petitions by April 24, 1997. *Pace v. DiGuliemo*, 544 U.S. 408, 423, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Fed. R. Civ. P. 6(a)). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's limitation period begins to run from the latest of four possible events:
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02463-SVW (SP) | Date | April 27, 2022 |
|---|---|---|---|
| Title | DANIEL PETER LOPEZ v. COVELLO, Warden | | |

State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the time passed for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id.* In addition, the Ninth Circuit has held that actual, factual innocence provides an exception to the AEDPA statute of limitations. *Lee v. Lampert*, 653 F.3d 929, 934-35 (9th Cir. 2011) (en banc).

In this case, petitioner indicates he did not file a petition for review in the California Supreme Court, and therefore it appears judgment became final on May 15, 1985 – 40 days after the California Court of Appeal affirmed his conviction on April 5, 1985 – when his time to file a petition for direct review in the California Supreme Court expired. *See* Cal. Rules of Court 8.366(b)(1), 8.500(e)(1); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008). The AEDPA limitation period therefore expired on April 24, 1997, one year after AEDPA was enacted. *See Pace*, 544 U.S. at 423; *Patterson*, 251 F.3d at 1246.

Since petitioner indicates he did not file his first state habeas petition until October 2021, 24 years after the limitation period expired, he is not entitled to statutory tolling. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (where petitioner does not file his first state petition until after the eligibility for filing a federal habeas petition has lapsed, "statutory tolling cannot save his claim"); *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004) ("in order to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, the prisoner's state habeas

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02463-SVW (SP) | Date | April 27, 2022 |
|---|---|---|---|
| Title | DANIEL PETER LOPEZ v. COVELLO, Warden | | |

petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period."). Accordingly, it appears the instant Petition is untimely by almost 25 years, and therefore subject to dismissal.

## Petitioner's Options

If petitioner contends that his Petition is timely under AEDPA, he should clearly explain all of this in a written response to this Order to Show Cause. The written response must be filed on or before **May 27, 2022**. Petitioner should attach to his response copies of any documents supporting his contentions.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."), if they are not already. Such dismissal request must also be filed on or before **May 27, 2022**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed as time-barred, for failure to prosecute, and/or for failure to obey court orders.**